## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| IAN KAVANAUGH GAVIN,   ) | |
| ) | |
| Petitioner,   ) | |
| ) | CIVIL ACTION NO. 07-0806-WS |
| v.   ) | |
| ) | CRIM. ACTION NO. 06-0222-WS |
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Respondent.   ) | |

**ORDER**

This matter is before the Court on the petitioner's motion to vacate filed pursuant to 28 U.S.C. § 2255. (Doc. 68). The sole issue advanced by the petitioner is that trial counsel was ineffective in failing to perfect a direct appeal. The parties have filed briefs in support of their respective positions, (Docs. 69, 73, 76, 77), and the Court conducted an evidentiary hearing on February 26, 2009.

A claim of ineffective assistance of counsel requires both objectively unreasonable performance and prejudice to the petitioner from that deficient performance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000). "We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477. Moreover, "when counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit." *Id.* (internal quotes omitted). In other words, "[p]rejudice is presumed." *Gomez-Diaz v. United States*, 433 F.3d 788, 790 (11th Cir. 2005).

The same principles apply even when the petitioner, as here, has signed a partial appeal waiver. "If the evidence establishes ... that Petitioner's attorney acted contrary to his client's wishes, ... prejudice is presumed, and Petitioner is entitled to an out-of-time appeal, regardless of whether he can identify any arguably meritorious grounds for appeal

that would fit one of the exceptions contained in his appeal waiver." *Gomez-Diaz*, 433 F.3d at 793.

The Court finds that the petitioner did not request trial counsel to appeal. Counsel testified clearly, consistently, and persuasively that the petitioner did not request him to file a notice of appeal and that, had the petitioner done so, he would have filed the notice of appeal, as he has routinely done in his practice. The petitioner's testimony to the contrary is not believable, for a number of reasons.

First, the petitioner claimed in his written materials that he "instructed defense counsel to appeal both sentence and the term of supervised release." (Doc. 69 at 4). However, at the hearing the petitioner changed his story, claiming that what he wanted to appeal was not his punishment but his finding of guilt on the gun charge (to which he pleaded guilty) and the validity of the underlying search warrant. (Doc. 94 at 40-41).

Second, the petitioner claimed at the hearing that his request for counsel to appeal was prompted by hearing counsel for another defendant say that his client wanted to appeal. (Doc. 94 at 52). Upon hearing the lawyer's statement, the petitioner allegedly said to his counsel, "[y]ou are supposed to say you want to appeal too." (*Id.*). Neither the other defendant nor his counsel was present at the petitioner's sentencing, but both were present at his guilty plea hearing. (Docs. 74, 75). What counsel for the other defendant actually said was, "Judge, my client has requested that we address with the Court his supervised release pending incarceration. We can either make that argument now, or if you could give us a date and I'll file a formal -," with the Court supplying the final word, "motion." (Doc. 74 at 20-21). The petitioner admits he requested his counsel to do, "too," only what the other lawyer was doing, which had nothing to do with an appeal. The Court finds that the petitioner did not request counsel to file an appeal but to address supervised release pending incarceration. The Court further finds that counsel did not respond, "I'm going to appeal," (Doc. 94 at 52), which would have been non-responsive to the petitioner's request, but merely confirmed he would address pre-incarceration

release.

Third, the petitioner attempted repeatedly to contact counsel after sentencing, directly and through relatives, but only for the purpose of retrieving the file and certain seized property. There is no evidence that the petitioner sought to communicate with counsel concerning appeal before late August 2007, (Defense Exhibit 1), over five months after sentencing and over four months after judgment was entered. (Doc. 64). This concern for property but not appeal is inconsistent with an understanding that counsel had agreed to file an appeal but had not confirmed doing so.

Fourth, the petitioner indicated that he had contacted the Court directly about an appeal, (Doc. 69 at 6), but the record reflects that the only correspondence he sent the Court addressed the property seized pursuant to the search warrant and was silent regarding appeal. (Doc. 67).

Given the stark contrast between the testimony of the petitioner and his counsel, the propriety of the petitioner's Section 2255 claim turns on a credibility determination. Having heard the testimony of the petitioner and counsel during the hearing, and having observed their demeanor, it is the judgment of the Court that the testimony of the petitioner's counsel will be accepted as true. At no time either before, during or after the sentencing hearing did the petitioner instruct counsel to file a notice of appeal on his behalf.

Even if no request to appeal is made, counsel is obligated to consult with his client if either "a rational defendant would want to appeal" or the client has "reasonably demonstrated to counsel that he [i]s interested in appealing." *Flores-Ortega*, 528 U.S. at 479. To satisfy the consultation obligation when it arises, counsel must "advis[e] the defendant about the advantages and disadvantages of taking an appeal and mak[e] a reasonable effort to discover the defendant's wishes." *Id*. at 478. If counsel has a duty to consult but fails to satisfy it, his deficient performance is established, and the defendant establishes resulting prejudice by showing that, but for counsel's failure to consult, he

would have appealed.  *Gomez-Diaz*, 433 F.3d at 792.

Relevant factors in determining if a rational defendant would want to appeal include: (1) "whether the conviction follows a guilty plea"; (2) "whether the defendant received the sentence he bargained for"; (3) "whether the plea [agreement] expressly ... waived some or all appeal rights"; and (4) whether there are "nonfrivolous grounds for appeal."  *Otero v. United States*, 499 F.3d 1267, 1270-71 (11th Cir. 2007) (internal quotes omitted).  All of these factors weigh against the petitioner.

First, the petitioner pleaded guilty.  (Doc. 38).  Second, the petitioner received the sentence for which he bargained, because Count One carried a statutory minimum 120-month sentence, Count Four carried a statutory minimum 60-month consecutive sentence, and the petitioner received a sentence of 180 months, the lowest sentence possible.  (Doc. 57 at 14; Doc. 64 at 2).  Third, through his plea agreement the petitioner waived all right to appeal except on the limited grounds of a sentence above the statutory maximum, a sentence based on an upward departure from the guidelines, and ineffective assistance of counsel.  (Doc. 37 at 9-10).  Fourth, the petitioner has identified no nonfrivolous ground for appeal.  Any sentencing issue is barred by his appeal waiver,[1] any challenge to his guilt of the gun charge is barred by his guilty plea,[2] and any challenge to the validity of the search warrant is barred by his failure to enter a conditional plea under Federal Rule of Criminal Procedure 11(a)(2).[3]

---

[1] The petitioner's sentence did not exceed the statutory maximum or implicate an upward departure, and he identifies no ineffective assistance of counsel concerning the sentence received, which was the lowest possible.

[2] *E.g., McCarthy v. United States*, 394 U.S. 459, 466 (1969) (guilty plea admits all the elements of the crime and waives the right to have a jury determine guilt or innocence).

[3] An unconditional plea "waives all non-jurisdictional defects in that defendant's court proceedings."  *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997) (internal quotes omitted).

For the reasons set forth above, the Court concludes that counsel had no duty to consult with the petitioner concerning appeal under the first *Flores-Ortega* criterion. As to the second prong, the petitioner identifies no additional expression of interest in appealing beyond that addressed above. For the reasons previously stated, the Court finds that the petitioner did not reasonably demonstrate to counsel any interest in appealing.

Because the petitioner did not request counsel to appeal, and because counsel did not have a duty to consult with the petitioner concerning appeal, the petitioner's motion to vacate is **denied**. Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 13th day of March, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE